IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC JAMES,

    Plaintiff,

    v.                                                               CIV No. 13-424 JCH/GBW

VICENTE "JOHNNY" VALDEZ, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendant Frank Salcido's Motion to Stay Discovery. *Doc. 31.* The Court, having reviewed the Motion and accompanying briefing (*docs. 45, 50*), and being otherwise fully advised, will GRANT the motion.

**I.    BACKGROUND**

On May 6, 2013, Plaintiff Eric James filed a complaint pursuant to 42 U.S.C. § 1983 seeking relief for violations of his civil rights under the Fourth, Eighth, and Fourteenth Amendments, and alleging various state tort claims. *Doc. 1.* Plaintiff claims that Defendants deprived him of his constitutional rights when they arrested and detained him without bail pursuant to an allegedly "stale" warrant that was more than two years old. *Id.*

On January 14, 2014, Defendant Salcido filed a motion for summary judgment on the basis of qualified immunity. *Doc. 33.* The remaining individual defendants, Goke, Mace, and Valdez, also moved for summary judgment on the basis of qualified

immunity on February 10, 2014.  *Doc. 37*.  Defendant Salcido filed his Motion to Stay Discovery Based on Qualified Immunity on January 10, 2014.¹  Plaintiff responded on February 28, 2014 (*doc. 45*), and briefing was complete on March 14, 2014 (*docs. 50, 51*).

## II.    STANDARD OF REVIEW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).   The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery.

---

¹ Defendant Salcido's initial Motion for Summary Judgment was also filed on January 10, 2014 (*doc. 30*), but was later marked in error and re-filed on January 14, 2014.

*Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).  Finally, the qualified immunity defense may be asserted at various stages in the litigation process.  *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.   ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay of all discovery as to all defendants is appropriate.  Defendant Salcido, and in separate motions the remaining individual defendants, has raised a qualified immunity defense.  The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.

Plaintiff first argues that a stay is inappropriate because he "has defeated the qualified immunity defense by showing that each individual Defendant has received 'fair warning' of what the law prohibits or requires."  *Doc. 45* at 1.  Notwithstanding Plaintiff's confidence, whether he has "defeated" the qualified immunity defense in this case will be determined by the presiding judge upon review of the briefing on the

summary judgment motions.  For the purposes of this motion, it is sufficient that Defendant's qualified immunity arguments are not so obviously frivolous that they do not merit a temporary stay of discovery.  Plaintiff next argues that this Court should reject as "abrogated" the entire idea that discovery ought to be stayed pending resolution of qualified immunity defenses.  Simply put, the Court declines to do so.

Separately, Plaintiff has filed a motion seeking discovery under Rule 56(d) arguing that such discovery is necessary for an adequate response.  *See doc. 44*.  Plaintiff commingles arguments regarding Rule 56(d) discovery in his response to the motion to stay.  Given the relationship between this motion and Plaintiff's motion for discovery under Rule 56(d), the Court will address the interplay.

Rule 56(d) permits a party to identify "facts essential to justify its opposition" to a summary judgment motion which the party cannot yet present.  FED. R. CIV. P. 56(d). If a party properly does so, the Court may defer considering the motion, deny it, allow additional time for the "essential" discovery to occur, or issue any other appropriate order.  *Id*.  In the context of discovery where a qualified immunity defense has been raised, use of the Rule 56(d) mechanism after the entry of a broad discovery stay has significant salutary effects.  It preserves the protection of qualified immunity by preventing "broad-reaching" discovery, but permitting limited discovery which may be necessary when the doctrine is asserted in a motion for summary judgment on contested factual assertions.  *See Crawford-El v. Britton*, 523 U.S. 574, 600 n.20 (1998).  For these reasons, the Court's granting of Defendant's motion to stay shall be subject to the

4

ruling on Plaintiff's motion for discovery under Rule 56(d).  If the Court determines that certain facts are essential to resolving the summary judgment motions and that discovery on those facts should be permitted, it will allow limited discovery as described in that order.

In this case, it would not be appropriate for the undersigned to rule on Plaintiff's motion.  The key question when considering a Rule 56(d) motion is whether the additional facts on which the party seeks discovery are essential to ruling on the underlying summary judgment motion.  Of course the ruling on the underlying summary judgment motion will be made by the presiding judge.  As such, the determination whether a particular fact is essential to the ruling ordinarily would be uniquely within the province of the presiding judge.  In some cases, the essentiality of a fact may be so apparent that the discovery judge, such as the undersigned in the instant case, should consider the Rule 56(d) motion.  However, in this case, Defendants appear to argue both that Plaintiff has failed to establish a constitutional violation and that, if there is a violation, the right was not clearly established.  If the presiding judge concludes that Defendants should prevail on the "clearly established" prong, she may not find any additional facts to be "essential."  Moreover, if the undersigned decided to deny the motion for 56(d) discovery, the denial would preemptively determine, for the presiding judge, what facts were or were not relevant to the summary judgment motion.  Again, in obvious cases, such may be appropriate, but this is not an obvious case.

While staying all discovery now pending a ruling from the presiding judge on the summary judgment motions and/or the motion for 56(d) discovery will delay the case somewhat, it is appropriate here because it best serves the underlying purpose of qualified immunity to protect officials "not only from liability, but also 'from the ordinary burdens of litigation, including far-ranging discovery.'" *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (quoting *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992)).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery, *doc. 31*, is GRANTED, and all discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' motions for summary judgment (*docs. 33, 37*) subject to any exceptions laid out in the ruling on Plaintiff's Motion for 56(d) Discovery (*doc. 44*).

IT IS SO ORDERED.

_____
G.
UNITED STATES MAGISTRATE JUDGE