IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC JAMES,

    Plaintiff,

    v.CIV No. 13-424 JCH/GBW

VICENTE "JOHNNY" VALDEZ, *et al.*,

    Defendants.

### ORDER CLARIFYING SCOPE OF ORDER STAYING DISCOVERY

THIS MATTER is before the undersigned upon review of Plaintiff's Rule 72(a) Objections to Order Staying Discovery. *Doc. 56*. While the District Judge will rule on Plaintiff's Objections to the imposition of the discovery stay, the undersigned herein clarifies its scope.

As noted in Plaintiff's Objections, the underlying order granting a stay of "all discovery" (*doc. 53*) did not expressly address the discussion in his response regarding means of exchanging information outside of the formal discovery process. Specifically, Plaintiff referred to: (a) "voluntary and consensual avenues for requesting or exchanging information" such as consensual interviews of witnesses, and (b) requests for information pursuant to state freedom of information statutes. *Doc. 45* at 13-14. In the ordinary course, the undersigned considers a stay of "discovery" to be limited to exchanges of information compelled pursuant to mechanisms laid out in the Federal Rules of Civil Procedure. Prohibiting the exchange of information beyond that limit

would require a greater showing because a broader prohibition risks impacting First Amendment rights and rights arising from state statutes.  No such heightened showing was made in this case.

Therefore, the Order Staying Discovery is hereby clarified as to its scope.  It does not prohibit "voluntary and consensual avenues for requesting or exchanging information" such as consensual interviews of witnesses, or requests for information pursuant to state freedom of information statutes.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE